The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.



**/S/ RUSS KENDIG**

Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 7 |
| LAWRENCE WITTMER, JR. & | ) |
| JENNIFER WITTMER; | ) CASE NOS. 08-61945, 08-61617 & |
| | ) 08-61618 |
| & | ) |
| | ) |
| DENISE WITTMER; | ) JUDGE RUSS KENDIG |
| | ) |
| & | ) |
| | ) |
| LAWRENCE WITTMER, SR. & | ) |
| NIOMA WITTMER; | ) **MEMORANDUM OF OPINION** |
| | ) **(NOT FOR PUBLICATION)** |
| Debtors. | ) |
| | ) |

    On January 5, 2010, the Chapter 7 trustee, Anthony J. DeGirolamo, filed a motion seeking an examination of debtors' former law firm, Cavich, Familo & Durkin Co., LPA (hereinafter "the law firm"), pursuant to Federal Rule of Bankruptcy Procedure 2004. The law firm objected on January 14, 2010 in cases 08-61045, 08-61617 and 08-61618; and debtors Lawrence Wittmer, Jr. and Jennifer Wittmer objected on January 15, 2010 in case 08-61945. None of the other debtors objected. A hearing was held on February 8, 2010. At hearing, Andrew L. Turscak appeared for the trustee and Dan C. Wolters appeared for the law firm. No representative of the debtors attended the hearing. This matter is now before the Court for decision.

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F) and (O).

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

On January 27, 2010, the United States Trustee filed adversary proceedings in each of the debtors' cases under 11 U.S.C. § 727. The complaints accused the debtors of failing to list numerous assets on their Chapter 7 bankruptcy petitions including income, interests in businesses, and interests in trusts. These adversary proceedings culminated in agreed orders in which Lawrence Wittmer, Jr. and Lawrence Wittmer, Sr. agreed to waive their discharges and Jennifer Wittmer, Denise Wittmer, and Nioma Wittmer agreed to cooperate with the Chapter 7 trustee in identifying unreported assets. The trustee now seeks an order allowing him to examine the debtors' former law firm for the purpose of locating additional assets.

## LAW AND ANALYSIS

Federal Rule of Bankruptcy Procedure 2004 provides that the Court may order any entity to submit to questioning and produce documents with regard to any matter that may affect the administration of the bankruptcy estate. Rule 2004 allows a broad and far-reaching inquiry, in the nature of a fishing expedition. Keen Corp. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 42 B.R. 362, 364 (S.D.N.Y. 1984). The parties do not dispute that the proposed examination is within the scope of Rule 2004.

However, the law firm, Lawrence Wittmer, Jr. and Jennifer Wittmer assert that the information is protected by attorney client privilege. The Sixth Circuit Court of Appeals has described the elements of the attorney-client privilege. "(1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or the legal adviser, (8) except the protection be waived." United States v. Goldfarb, 328 F.2d 280, 282 (6th Cir. 1964).

The trustee asserts that the attorney-client privilege does not apply for three reasons: first, because the privilege has been waived by the debtors' inaction; second, because the attorney client privilege does not apply to the documents listed on the law firm's privilege log; and, third, because the trustee has waived the attorney-client privilege as the debtors' successor-in-interest. The Court considers each of these arguments in turn.

### A. The Privilege has been Waived Through the Debtors' Inaction

The attorney-client privilege may be waived through a client's inaction. In re Horowitz, 482 F.2d 72, 83 (2d Cir. 1973) ("It is not asking too much to insist that if a client wishes to

preserve the privilege . . . he must take some affirmative action to preserve confidentiality."). If a client does not take reasonable precautions to protect confidentiality, the inference arises that the client did not intend his communications to be confidential or intends to waive confidentiality. Id. at 82 n.10. *See also* In re von Bulow, 828 F.2d 94, 101 (2d Cir. 1997); United States v. Schmidt, 105 F.3d 82, 89 (2d Cir. 1997).

The debtors is this case have waived the attorney-client privilege through their inaction. The debtors did not respond to multiple requests to waive the attorney-client privilege from their former law firm, the panel trustee, and the United States Trustee. Furthermore, no representative of the debtors attended the hearing on the Rule 2004 motion. As a result of the debtors' refusal to assert their rights despite numerous invitations, the Court infers that the debtors do not intend to maintain the confidentiality of their attorney-client communications.

The Court is not convinced that the response filed by Lawrence Wittmer, Jr. and Jennifer Wittmer manifests an intent to the contrary. Their response consists only of a conclusive (and ungrammatical) assertion that attorney-client privilege applies. This response is not compliant with Local Rule of Bankruptcy Procedure 9013-1, which requires that the response state with particularity why the motion for relief is opposed. Furthermore, the debtors did not attend the hearing to explain the basis for their response. Because the debtors did not take the minimum steps necessary to protect their rights, the Court infers that the debtors did not intend to maintain the confidentiality of their communications.

Likewise, the response filed by the debtors' former law firm does not evidence a contrary intent. The attorney-client privilege is held by the client – not the law firm. Rammette v. Bame (In re Bame), 251 B.R. 367, 375 (Bankr. D. Minn. 2000) ("[T]he attorney-client privilege belongs to the debtor individually . . . ."). Furthermore, because the attorney-client relationship between the debtors and their law firm has ended, the law firm cannot act as an agent of the debtors. Thus, the response of the law firm has no bearing on the intent of the debtors, and the Court concludes that the debtors have waived the attorney-client privilege.

### B. The Attorney-Client Privilege Does Not Apply to the Documents Listed in the Law Firm's Privilege Log

Federal Rule of Bankruptcy Procedure 7026(b)(5) addresses the requirements for making a claim of privilege. Rule 7026(b)(5) states in relevant part:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
>
> > (i) expressly make the claim; and
> > (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

The burden is on the party asserting the privilege to prove each element of the privilege. United States v. White, 950 F.2d 426, 430 (7th Cir. 1991). A party cannot make a blanket assertion of privilege. Privilege must be demonstrated on an element-by-element and document-by-document basis. Id.

The Court agrees with the trustee that the descriptions of documents in the law firm's privilege log do not to establish a claim of attorney-client privilege. The attorney-client privilege only applies to attorney-client communications. Goldfarb, 328 F.2d at 282; Cf. Chaudhry v. Gallerizzo, 174 F.3d 394, 402 (4th Cir. 1999) (holding that attorney billing records are discoverable except the extent that they contain attorney-client communications). The log does not establish that the wills, trusts, healthcare documents, and powers of attorney contain attorney-client communications or that the correspondence and notes are based on attorney-client interactions. Thus, the debtors have not met their the burden of demonstrating that a claim of attorney-client privilege applies to the requested documents.

### C. The Trustee's Power to Waive the Attorney-Client Privileges

The Court does not need to reach the issue of whether and when the panel trustee can waive an individual debtor's attorney-client privilege because the Court has determined that the attorney-client privilege does not apply on other grounds.

For the reasons discussed, the trustee's motion for Rule 2004 examination is granted. An order will issue simultaneously with this opinion.

\#     \#     \#

**Service List:**

Lawrence Wittmer, Jr.
3078 Point Clear
Tega Cay, SC 29708

Jennifer Wittmer
3078 Point Clear
Tega Cay, SC 29708

Denise Wittmer
12533 Cleveland Ave.
Uniontown, OH 44685

Nioma Wittmer
12547 Cleveland Ave
Uniontown, OH 44685

John A Daily
Daily & Freeman
2475 Massillon Rd
Akron, OH 44312

Anthony J. DeGirolamo, Trustee - Canton
Canton
Courtyard Centre, Suite 307
116 Cleveland Ave., N.W.
Canton, OH 44702

Andrew L. Turscak, Jr.
3900 Key Center
127 Public Square
Cleveland, OH 44114

Joel K Dayton
Black, McCuskey, Souers and Arbaugh
220 Market Ave., South, Suite 1000
Canton, OH 44702

Mark A. Weintraub
3900 Key Center
127 Public Square
Cleveland, OH 44114

Robert C Folland
Thompson Hine LLP
127 Public Sq
3900 Key Center
Cleveland, OH 44114-1216

Daniel C. Wolters
Cavitch, Familo, & Dunkin Co., LPA
1300 E. 9th St., 20th Floor
Cleveland, OH 44114

Dean Wyman ust03
Office of the US Trustee
Howard M. Metzenbaum U.S. Court House
201 Superior Ave, Suite 441
Cleveland, OH 44114-1240