**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 12:19 PM July 22, 2013**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| LAWRENCE WITTMER, SR. AND | ) | CASE NO. 08-61618 |
| NIOMA WITTMER, et al., | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| | ) | |

    This case is before the court to determine whether First Place Bank ("First Place") holds a judgment lien against property the Chapter 7 trustee Anthony J. DeGirolamo ("Trustee") moved to sell. Trustee filed the sale motion on April 10, 2013 and First Place filed a partial objection to the sale on May 1, 2013. The court held a hearing on May 6, 2013.

    The court has jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered in this district on July 16, 1984, now superseded by General Order 2012-7 dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

    The consolidated debtors are family members who were involved in real estate

1

development. In March 2004, First Place loaned $2.85 million to 21st Homes Inc., an entity related to one or more of the Debtors. Lawrence Wittmer, Sr. was a guarantor of the loan. When the loan went into default, the bank sued and named Lawrence Wittmer, Sr. and Denise Wittmer (then known as Denise Kolich) as defendants. On February 5, 2008, the common pleas court issued a judgment more than $900,000, plus interest, in favor of the bank. The bank filed a judgment lien certificate on February 6, 2008. Since that filing, the judgment has been reduced and First Place is now owed approximately $220,000.

Debtors' individual cases were filed between May 15, 2008 and June 9, 2008. Anthony J. DeGirolamo was appointed trustee. Following an investigation, he filed several fraudulent conveyance actions related to Debtors' transfers of property individually and/or through various business entities. One of those actions, a consolidated action captioned <u>DeGirolamo v. The Quarry Golf Club, LLC (In re Wittmer)</u>, Case No. 08-61618, Adv. No. 10-6044 (Bankr. N.D. Ohio) ("Quarry action"), involved transfers of 244 acres that occurred on or about April 26, 2005 (transfer of 181 acres); June 28, 2006 (transfer of 64 acres); and June 15, 2007 (transfer of The Quarry Golf Club).

The Quarry action was settled in August 2012. Part of the settlement transferred 12 lots located in The Villages at the Quarry to the bankruptcy estate. The lots were previously titled to GGP Development Co., -- The Quarry Golf Club, LLC ("GGP Development"). On April 10, 2013, Trustee filed a motion to sell the lots. First Place does not object to the sale but contends it is entitled to a share of the proceeds because its judgment lien attached to the lots Trustee seeks to sell.

## **DISCUSSION**

On February 5, 2008, First Place obtained a judgment from the Stark County Court of Common Pleas against 21st Homes Inc., LDL of Ohio Inc., Lawrence Wittmer, Sr., and Denise Kolich (nka Denise Wittmer). The following day, a certificate of judgment was filed, thereby creating a "lien upon lands and tenements of each judgment debtor" in Stark County. O.R.C. § 2329.02.

First Place does not allege that any of the judgment debtors owned the property at issue when it filed the certificate of judgment. Based on the information before the court, it appears that all of the property in question had been transferred GGP Development by the time the judgment lien was filed. Instead, First Place argues that the judgment lien was impressed on the property because the property was fraudulently transferred by the judgment Debtors. As one Ohio appellate court explained, "[i]f a debtor has attempted to convey away the land in fraud of his creditor, it equitably remains his, and when the fraud is determined and the transfer set aside it is regarded as affected by the lien which would have attached by operation of the statute if the property had never been transferred." <u>Huwe v. Knecht</u>, 10 Ohio App. 487, 1919 WL 878 * 4 (Ohio App. 1st Dist. 1919). Several things are notable when compared to the instant case. First, First Place never filed a fraudulent transfer action or attempted to recover any property. Instead, it is attempting to claim rights as an unrelated beneficiary of Trustee's work. Second, Trustee's

fraudulent conveyance action was never determined but was settled by agreement. No transfers were set aside but property was transferred to Trustee as part of the settlement.

First Place never traces ownership of any of the property to the Wittmer judgment debtors nor does it lay out a fraudulent conveyance case. Instead, it contends that Trustee is judicially estopped from arguing that the property was not fraudulently transferred because to do so would contradict his position in the second amended complaint in the Quarry Action. There he alleges that fraudulent transfers of 244 acres were made by the "Wittmer Debtors, Long Drive, LDL, Alpine, and/or Brit." Even if true, it is insufficient as a matter of proof.

Ohio courts find that 'a judgment lien is confined to that which actually belongs to the judgment debtor, and such lien is not extended to what belongs to anyone other than the judgment debtor or to what appears of record to belong to the judgment debtor.' Univ. Assoc. v. Sterling Fin. Co., 37 Ohio App.2d 17, 35 (Ohio App. 1st Dist. 1973) (citing Sinclair Refining Co. v. Chaney, 114 Ohio App. 538 (Ohio App. 3rd Dist. 1961)). At the time the judgment lien was filed, the judgment Debtors did not have any interest in the 244 acres. As a result, neither did First Place. Now that Trustee has recovered property, First Place wants to claim a secured interest in the property. This is manifestly unjust to other creditors of the estate. The court cannot find that the cases cited by First Place support this result.

In University Associates, the creditor obtained a judgment. 37 Ohio App.2d 17. At the time of the judgment, the judgment debtors owned property but transferred it for full consideration to a third party approximately three weeks later, before the creditor recorded a judgment lien. However, the judgment creditor filed its judgment lien before the third party's mortgage was recorded. The court pointed out that the general rule was that transferee's interest was generally superior to the unrecorded judgment lien barring fraud or other intervening factors. The creditor argued that its recording of the lien prior to the recording of the mortgage elevated it to the status of a bona fide purchaser. The court disagree, stating "a judgment creditor does not stand in the position of an innocent purchase for value, and that such creditor gets only such interest as the judgment debtor has in the property." Id. at 34.

Clearly, University Associates is distinguishable in several ways. However, the case clearly advances the proposition that a judgment creditor, even with a pre-recorded judgment lien, cannot defeat a good faith purchaser. And that is the exact position occupied by Trustee under 11 U.S.C. § 544.

The Terra Vista case also supports this view. 1992 WL 292267 (Ohio App. 8th Dist. 1992). Terra Vista obtained a judgment against the judgment debtor. On the day of the judgment, the judgment debtor transferred property to his company. Terra Vista recorded its lien two days later. The judgment debtor's company later transferred the property to a business partner, who then pledged it as security to a third party, Valley. Valley contested validity of the judgment lien. The court determined the issue based on whether Valley was a bona fide purchaser without notice of the lien. Finding that Valley was not a bona fide purchaser because it did not provide value, the judgment lien was found to attach to the property. This is entirely

08-61618-rk    Doc 345    FILED 07/22/13    ENTERED 07/22/13 13:27:27    Page 3 of 4

dissimilar to the present case because the trustee enjoys the status of a bona fide purchaser.

Since First Place's lien did not attach to any of Debtors' property, First Place cannot defeat Trustee's interest. First Place's partial objection to the sale of property will be overruled by separate order.

#   #   #

**Service List:**

Robert C Folland
Barnes & Thornburg LLP
41 South High Street, Suite 3300
Columbus, OH 43215

James J. Henderson
Andrew L. Turscak, Jr.
Mark A. Weintraub
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291